# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 18, 2021

162155 & (9)

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

GRIEVANCE ADMINISTRATOR,
           Petitioner-Appellee,

v                                                                    SC:  162155
                                                                     ADB: 18-000130-GA
JAMES STERLING LAWRENCE,
           Respondent-Appellant.

_____/

On order of the Court, the motion to file a response to the amicus curiae brief is GRANTED.  The application for leave to appeal is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE the Attorney Discipline Board's September 29, 2020 opinion, and REINSTATE the May 20, 2020 order of suspension and restitution with condition of the Tri-County Hearing Panel #101.  "While we are mindful of the careful consideration that has been given to this matter by the Attorney Discipline Board, the power to regulate and discipline members of the bar rests ultimately with this Court pursuant to constitutional mandate."  *In re August*, 441 Mich 1207 (1993), citing *Grievance Administrator v August*, 438 Mich 296, 304 (1991), and *In re Schlossberg v State Bar Grievance Board*, 388 Mich 389, 395 (1972); Const 1963, art 6, § 5.  In *Grievance Administrator v Lopatin*, 462 Mich 235 (2000), the Court directed the Board and hearing panels to follow the ABA Standards for Imposing Lawyer Sanctions when determining the appropriate sanction for lawyer misconduct, *id.* at 238, and directed that "relevant aggravating and mitigating factors" should be considered prior to elevating or lowering a sanction.  *Id.* at 240.  As stated in Standard 1.3, the "Standards constitute a model, setting forth a comprehensive system for determining sanctions, permitting flexibility and creativity in assigning sanctions in particular cases of lawyer misconduct."  Standards 4.1-4.3 (failure to preserve the client's property) are the governing standards in this case.  They provide in relevant part:

> *Absent aggravating or mitigating circumstances*, upon application of the factors set out in 3.0, the following sanctions are generally appropriate in cases involving the failure to preserve client property:
>
> 4.11 Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client.
>
> 4.12 Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.

4.13 Reprimand is generally appropriate when a lawyer is negligent in dealing with client property and causes injury or potential injury to a client. [Emphasis added.]

We agree with the conclusion reached in the Report of Tri-County Hearing Panel #101, that "disbarment is too extreme given the particular facts and circumstances of this matter." The Hearing Panel found that respondent did not act with a fraudulent or larcenous intent and it concluded that his misconduct occurred as a result of gross mismanagement and ignorance. The Board rejected this characterization, stating "the concepts at play here are not difficult to grasp. Simply put, the money deposited with a lawyer to secure payment for work is not the lawyer's until the work is done. This is not complicated or obscure." While we agree with the Board that respondent's actions of mishandling and spending his client's refundable advanced fee was a knowing violation of MRPC 1.15(d) and MRPC 1.15(g), the Board erred by applying "a rule of presumptive disbarment," instead of considering the range of reasonable outcomes to select the most appropriate sanction based on the facts and circumstances of the matter at hand.

While disbarment is generally the appropriate sanction for a Standard 4.11 violation, the Board did not adequately consider the presence of mitigating factors under Standard 9.3 or the absence of aggravating factors under Standard 9.2. Our review reflects that the mitigating factors—Standard 9.32(a), (d), (e), and (g)—in this matter clearly preponderate over aggravating factors, none of which were identified by the Hearing Panel or the Board as being applicable or material to their decisions. Under these circumstances, while perhaps reasonable minds could disagree as to whether respondent's conduct is better characterized as a 4.11 violation or a 4.12 violation or whether respondent moved quickly enough to make his client whole, the presence of several mitigating factors makes suspension a more appropriate sanction than disbarment. And while the Board was rightly concerned by the panel's mere 100-day suspension, we note that the respondent has effectively been suspended for over a year and that Hearing Panel's conditions will remain in place.

CAVANAGH, J., did not participate due to her prior service as a member of the Attorney Grievance Commission.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 18, 2021



Clerk

b0615